IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WOLFBAUER, | |
| Plaintiff, | 8:19-CV-105 |
| vs. | |
| OCWEN LOAN SERVICING, LLC, et al., | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on defendant Ocwen Loan Servicing's motion to dismiss (filing 20) the claims asserted against it by the plaintiff, James Wolfbauer. The Court will grant that motion and dismiss Wolfbauer's claims against Ocwen. In addition, because Wolfbauer's complaint is plainly barred by res judicata, the Court will dismiss his claims in their entirety and enter judgment against him.

BACKGROUND

Wolfbauer sued Ocwen in this Court in January 2018, in case no. 8:18-cv-13.[1] He even alleges as much. Filing 1 at 9-19. As his "Cause of Action" he alleged "Violation of Nebraska Statute 76-1008," premised on Ocwen's alleged failure to satisfy the notice requirements of the Nebraska Trust Deeds Act in association with a November 21, 2017 trustee's sale of Wolfbauer's property. Filing 1 at 13. As relief, Wolfbauer prayed for the sale to be set aside, that

---

[1] Wolfbauer also sued Ocwen in 2015, but that case isn't as directly pertinent, except to illustrate that Wolfbauer is something of a vexatious litigant. *See Wolfbauer v. Ocwen Loan Servicing, LLC*, No. 4:15-CV-3141, 2016 WL 1170982 (D. Neb. Mar. 24, 2016).

Ocwen be enjoined from taking possession of the property, and for damages. Filing 1 at 14. But the Court granted Ocwen's motion for summary judgment, finding that the undisputed material facts proved Ocwen had complied with the notice provisions of the Nebraska Trust Deeds Act. *Wolfbauer v. Ocwen Loan Servicing, LLC*, No. 8:18-CV-13, 2019 WL 454108 (D. Neb. Feb. 5, 2019), *reconsideration denied,* 2019 WL 1129461 (D. Neb. Mar. 12, 2019).[2]

Wolfbauer filed the instant case a few weeks after the Court dismissed his previous suit. Filing 1. As his "Cause of Action" he alleges "Violation of Nebraska Statute 76-1008," premised on Ocwen's alleged failure to satisfy the notice requirements of the Nebraska Trust Deeds Act in association with a November 21, 2017 trustee's sale of Wolfbauer's property. Filing 1 at 5-6. As relief, Wolfbauer prays for the sale to be set aside, that Ocwen be enjoined from taking possession of the property, and for damages. Filing 1 at 6-7. Ocwen moves to dismiss Wolfbauer's complaint, arguing that it is barred by res judicata. Filing 20.

## STANDARD OF REVIEW

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a

---

[2] Although it is not the basis for the Court's disposition of this case, it is worth noting that the Nebraska Court of Appeals has since endorsed the Court's view that compliance with the Nebraska Trust Deeds Act "does not require actual receipt of notice." *Homebuyers Inc. v. Watkins*, No. A-18-258, 2019 WL 2361760, at *7 (Neb. Ct. App. June 4, 2019).

cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.*

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. But Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because additional matters are submitted in support of the motion. *Sorace v. United States*, 788 F.3d 758, 767 (8th Cir. 2015). Specifically, the Court may take judicial notice of public records and consider them on a motion to dismiss. *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018). And court records are matters of public record. *See Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015); *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

## DISCUSSION

Res judicata, or claim preclusion, operates to preclude a party from relitigating the same cause of action. *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001).[3] As the Eighth Circuit has explained,

> [c]laim preclusion applies when there is a prior judgment rendered by a court of competent jurisdiction, that prior judgment was final and on the merits, and it involved the same cause of action and the

---

[3] Because the Court is considering the preclusive effect of one of its own judgments, it applies the federal common law of issue preclusion. *First State Bank of Roscoe v. Stabler*, 247 F. Supp. 3d 1034, 1047 (D.S.D. 2017); *see Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Hill v. AMMC, Inc.*, 300 Neb. 412, 417-18 (2018).

> same parties or privies. Res judicata bars claims that were or could have been litigated in the earlier proceeding, but it does not apply to claims that did not exist when the first suit was filed.

*Wedow v. City of Kansas City*, 442 F.3d 661, 669 (8th Cir. 2006) (citations omitted).

Wolfbauer's claims against Ocwen could not be more clearly barred: his claim in this case is identical to the one that the Court previously dismissed on the merits. Wolfbauer nonetheless asserts that this case "brings forth a claim that was not litigated in the previous action: 'Violation of Nebraska Statute 76-1008.'" Filing 27 at 3. But that precise claim—using those precise words—was asserted in his previous complaint. Filing 1 at 13. Wolfbauer insists that "[t]he current issue (the defective notice of default/foreclosure) was never litigated and did not have a chance to be brought up previously"—but that's literally exactly the same issue the Court resolved against Wolfbauer on the merits.

Wolfbauer does add a couple of factual allegations, claiming that an entity called "Altisource" was hired to evict him, and unlawfully damaged his personal property in the process. Filing 1 at 4-5. That might be a new claim, if Wolfbauer was suing Altisource for damaging his personal property, but Altisource isn't named as a defendant, and Wolfbauer's "Cause of Action" has nothing to do with those facts.

Accordingly, the Court will grant Ocwen's motion to dismiss. But Wolfbauer also added a named defendant this time: the law firm of Kozeny & McCubbin, who Wolfbauer alleges "is the law firm representing Ocwen." Filing 1 at 1-2. Kozeny & McCubbin hasn't appeared yet, presumably because it hasn't been served yet—summons was only issued on June 7. Filing 24.

But even if res judicata hasn't been raised by a party, the Court may dismiss the action *sua sponte,* because res judicata is not based solely on the

defendant's interest in avoiding the burdens of twice defending a suit—it is also based on the avoidance of unnecessary judicial waste. *Arizona v. California*, 530 U.S. 392, 412 (2000); *see Hanig v. City of Winner, S.D.*, 527 F.3d 674, 678 (8th Cir. 2008); *see also Herrera v. Wyoming*, 139 S. Ct. 1686, 1701 n.5 (2019); *Meyers v. Roy*, 714 F.3d 1077, 1080 (8th Cir. 2013); *Red River Freethinkers v. City of Fargo*, 679 F.3d 1015, 1026 (8th Cir. 2012); *cf. Bechtold v. City of Rosemount*, 104 F.3d 1062, 1068-69 (8th Cir. 1997). And while res judicata does not bar claims even arising out of the same facts against a defendant who was not party to the first action, an exception exists for one who stands in privity to the defendant in the prior suit. *Headley v. Bacon*, 828 F.2d 1272, 1275 (8th Cir. 1987); *see Richards v. Jefferson Cty., Ala.*, 517 U.S. 793, 798 (1996).

In this case, Kozeny & McCubbin is so closely related to Ocwen, and their interests are so nearly identical, that it is fair to treat them as the same parties for purposes of determining the preclusive effect of the previous judgment. *See Nw. Title Agency, Inc. v. Minnesota Dep't of Commerce*, 685 F. App'x 503, 505 (8th Cir. 2017) (quoting *Ruple v. City of Vermillion*, 714 F.2d 860, 862 (8th Cir. 1983)). The Court is aware that it must be cautious about raising a preclusion bar *sua sponte*, thereby eroding the principle of party presentation so basic to our system of adjudication. *Arizona v. California*, 530 U.S. at 412-13. But given the exact duplication of Wolfbauer's claim in this case, and Wolfbauer's history of vexatious litigation, the Court finds it appropriate to expeditiously end this meritless action.

IT IS ORDERED:

1. Ocwen's motion to dismiss (filing 20) is granted.

2. Wolfbauer's claims against Ocwen are dismissed with prejudice.

3. On the Court's own motion, Wolfbauer's remaining claims are dismissed with prejudice.

4. A separate judgment will be entered.

Dated this 27th day of June, 2019.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Chief United States District Judge