## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WOLFBAUER, | |
| Plaintiff, | 8:19-CV-105 |
| vs. | |
| OCWEN LOAN SERVICING, LLC, et al., | ORDER |
| Defendants. | |

The plaintiff, James Wolfbauer, moves the Court to reconsider its Memorandum and Order of July 27, 2019 (filing 29) dismissing his complaint. Filing 31. The Court understands Wolfbauer's motion to be asserted under Fed. R. Civ. P. 59(e), which permits the Court "to alter or amend a judgment." But Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.* And it is improper to repeat arguments the Court has already rejected. *See Preston v. City of Pleasant Hill*, 642 F.3d 646, 652 (8th Cir. 2011).

Wolfbauer argues that the Court erred in finding that his claim was barred by res judicata because, he says, his new factual allegations about "Altisource" damaging his property during an eviction are actually allegations against defendant Ocwen Loan Servicing, which he claims owns Altisource. Filing 31 at 2. But at the same time, Wolfbauer asserts that Ocwen "completed . . . the spinoff of a separately publicly traded company called Altisource" in 2009—an assertion that's inconsistent with his claim that

Ocwen still owns Altisource. So, to begin with, Wolfbauer's motion is predicated on inconsistent assertions of fact.

But even if Ocwen owned Altisource, Wolfbauer's motion is legally insufficient, for two reasons. First, Wolfbauer's assertion of a corporate relationship between Ocwen and Altisource was neither pled, nor raised in his briefing on the motion to dismiss—and a Rule 59 motion is not the place to raise a new legal theory based on newly alleged facts. *See Metro St. Louis Sewer Dist.*, 440 F.3d at 934. Second, no corporate relationship can change the fact that Wolfbauer's operative complaint presented the same claim as his previous action, nearly word-for-word: violation of the Nebraska Trust Deeds Act. *See* filing 29. Wolfbauer doubled down on that theory in response to Ocwen's motion to dismiss. *See* filing 27 at 3. No number of new factual allegations will change the legal conclusion that his claim is barred by res judicata.

IT IS ORDERED that Wolfbauer's motion to reconsider (filing 31) is denied.

Dated this 16th day of July, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge